Totten, J.
delivered the opinion of the court.
This action was commenced by foreign attachment levied on the property of the defendant and made returnable to the commercial and criminal court of Memphis. It is founded on a promissory note executed 20th December, 1848, by L. Sims & Brothers, and H. W. Walker, to Mclver & Palmer, for nine hundred and seventy-nine dollars, due at six months, and which has been endorsed to the plaintiff. The defendant had oyer of the note and pleaded in abatement the institution of another action at the same time, on the same note, in the circuit court of Shelby against James Sims, one of the makers of said note, and that said action was still pending. The plaintiff demurred to this plea; the demurrer was sustained and there was judgment of respondeat ouster: but defendants failing to plead, there was judgment by default, and at the same term, a writ of enquiry of damages was executed and judgment rendered thereon, from which defendants have appealed in error to this court;
*501 The question arises on defendant’s plea, and it is insisted that it contains good and sufficient matter in abatement.
The act of 1780, ch. 57, sec. 5, provides, in effect, that although the note, bill or bond bo joint, yet a separate action "or actions may be brought thereon. Suppose the defendants to reside in different counties, the plaintiff would have his election to sue any that he might deem most responsible or convenient, or he might bring separate suits against each, if he deemed it necessary to the recovery of his rights. But the evil was, the great accumulation of costs incident to several suits for the same demand. The act of 1812, ch. 67, sec. 1, provides that it shall not be lawful “to commence or institute at the same time, more than one action against one or more” of the parties, liable on any joint or several note, bill, bond or obligation, provided that the plaintiff may institute his suit against all or as many of the parties liable as he may think proper. The language is, “provided the plaintiff or holder of such note or obligation, may in such action, institute his suit either joint or several, or against so many of said obligors, as he may think proper.” That is, he shall have but the one action at the same time, but he may sue all the parties who are liable, and to enable him to do so, the second section of this act gives the plaintiff a counter-part to his writ, by which he can sue, in the same action, every party who is liable, no matter in what part of the State he resides. It does not seem to have been the intention to deprive the plaintiff of an immediate and concurrent remedy, by suit, against all the parties who are liable on the note, bill, bond or obligation. It may be needful to have the responsibility of all of them to recover *502 the right which they withhold, and in fact, such is the reasonable and proper presumption to be inferred from the apparent necessity there was, of requiring the liability of several persons, at the making of the contract.'
It will also be observed, that this section applied to notes, bills, bonds and obligations, which are, in their own terms and by agreement of the parties, of several as well as joint obligation. By agreement the parties have become severally liable to be sued, and of course at the same time, for the non-performance of their respective engagements.
Now could it have been intended to take away any of the remedial rights arising from the nature of the contract entered into by the parties. It is not to be presumed, as the act, in favor of the remedy, gives a several action upon a joint liability. But as the party may now sue in one action all parties who are liable to" him on any note, bill, bond, &c., and resident in the State, therefore he shall not bring several actions at the same time against those parties. The counter part of the writ, is a substitute for the several actions which might before have been instituted at the same time.
But suppose one or more of the debtors to be residents in the State, and others of them to be non-resident, and the latter to have property in the State subject to attachment; the right of the creditor to recover his demand, is as perfect against the one as the other and their joint responsibility may often prove inadequate. He cannot sue them in the same action, for in the one case, he must proceed by summons, in the other by attachment; he cannot, under the construction contended for, sue all of the parties liable to. him, however important *503 to the recovery of his rights. It is very apparent that such construction would often be attended with injury and less to creditors and others.
Now in the present case, suppose effect to be given to the matter in abatement, and the attachment to be discharged, it might be that the other suit which causes the abatement, after proceeding to judgment and. execution, would prove entirely fruitless. In the mean time the property of the non-resident debtor, who is in default of payment, may be removed and the creditor left without remedy.
It is no answer to say that the creditor has his election to sue the one or the other, because, it has to be taken for granted that either suit would, in its results, afford an adequate remedy; which may not be the case. Besides, it is but reasonable that the remedy shall be co-extensive with the right, and we have seen that such is the effect of the action in question, where the parties reside within the State.
We are of opinion that the statute does not apply to a case like the one before us, and that the demurrer was properly sustained. But as the enquiry of damages was executed at the same term, when the judgment by default was rendered, we are constrained to reverse the judgment thereon. See case Perry vs. Stark, chairman, at present term.
The judgment by default, having been properly taken, nothing remains but to enquire of the damages.
The judgment will be reversed and the cause remanded.